UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENNIS JAMES SCHWARTZ, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, | : | NO. 20-cv-05539-RAL |
| Commissioner of Social Security,[1] | : | |

**RICHARD A. LLORET**　　　　　　　　　　　　　　　　　　　　　　　**March 31, 2022**
**U.S. Magistrate Judge**

## MEMORANDUM OPINION

      Dennis James Schwartz filed a claim for disability insurance benefits ("DIB") with the Commissioner of Social Security. The ALJ determined that Mr. Schwartz was disabled as of August 21, 2019, rather than his proposed disability onset date of August 17, 2015. Mr. Schwartz challenges this disability onset date determination, as well as the ALJ's finding that Mr. Schwartz had the residual functional capacity ("RFC") to engage in light work, rather than sedentary work. Upon considering the ALJ's decision and the record before her, I find that the ALJ's disability onset date determination and her RFC finding are not supported by substantial evidence. I will reverse the Commissioner's denial of benefits and remand this matter for further proceedings consistent with this opinion.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Ms. Kijakazi should be substituted for the former Commissioner of Social Security, Andrew Saul, as the defendant in this action. No further action need be taken to continue this suit pursuant to section 205(g) of the Social Security Act. 42 U.S.C. § 405(g) (Social Security disability actions "survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office").

**PROCEDURAL HISTORY**

On July 7, 2015, Mr. Schwartz filed a claim for DIB, alleging a disability beginning that same day. Administrative Record ("R.") 33. His claim was initially denied on October 29, 2015. *Id*. On November 19, 2015, Mr. Schwartz requested an administrative hearing before an ALJ. R. 108. The ALJ held a hearing on September 30, 2019 and issued a decision granting Mr. Schwartz's claim in part on October 22, 2019, finding Mr. Schwartz disabled but only as of August 21, 2019. R. 33, 42. On December 20, 2019, Mr. Schwartz appealed the ALJ's disability onset date determination to the Social Security Administration's Appeals Council. R. 215. The Appeals Council denied Mr. Schwartz's request for review on October 20, 2020. R. 1. On November 16, 2020, Mr. Schwartz filed this action in federal court. Doc. No. 1. The parties consented to the jurisdiction of a U.S. Magistrate Judge, Doc. No. 7, and briefed the appeal, Doc. No. 12 ("Pl. Br."), 14 ("Comm'r Br.").

**FACTUAL BACKGROUND**

A. **The Claimant's Background**

Mr. Schwartz was considered an individual closely approaching retirement age on his established disability onset date. R. 41; 20 C.F.R. § 404.1563. He was found to have a limited education, but the ability to communicate in English. R. 41. Mr. Schwartz worked in a variety of positions for different companies over the years, including as a factory cleaner, a trash collector, and a panel machine operator. R. 40, 67–72. He alleged disability based on a heart condition in his initial DIB claim. R. 92.

B. **The ALJ's Decision**

On October 22, 2019, the ALJ issued a decision finding that Mr. Schwartz is disabled under the Social Security Act as of August 21, 2019. R. 42. In reaching this

decision, the ALJ made the following findings of fact and conclusions of law pursuant to Social Security's five-step sequential evaluation.[2]

At step one, the ALJ concluded that Mr. Schwartz had not engaged in substantial gainful activity ("SGA") since July 15, 2015, which she wrote was the date of alleged disability onset.[3] R. 33. At step two, the ALJ determined that Mr. Schwartz had the following severe impairments: "coronary artery disease, hypertension, carpal tunnel syndrome, colon cancer, [and] obesity." R. 35–36.

At step three, the ALJ compared Mr. Schwartz's impediments to those contained in the Social Security Listing of Impairments ("listing").[4] The ALJ found that Mr. Schwartz did not meet the clinical criteria of Listing 4.04, which concerns ischemic heart disease. R. 36.

Prior to undertaking her step four analysis, the ALJ assessed Mr. Schwartz's residual functional capacity ("RFC"), or "the most [Mr. Schwartz] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ found that, prior to August 21,

---

[2] An ALJ evaluates each case using a sequential process until a finding of "disabled" or "not disabled" is reached. The sequence requires an ALJ to assess whether a claimant: (1) is engaging in substantial gainful activity; (2) has a severe "medically determinable" physical or mental impairment or combination of impairments; (3) has an impairment or combination of impairments that meet or equal the criteria listed in the social security regulations and mandate a finding of disability; (4) has the residual functional capacity to perform the requirements of his past relevant work, if any; and (5) is able to perform any other work in the national economy, taking into consideration his residual functional capacity, age, education, and work experience. *See* 20 C.F.R. § 404.1520(a)(4)(i)–(v).

[3] While the ALJ writes that Mr. Schwartz's proposed disability onset date is July 15, 2015, counsel's testimony, Mr. Schwartz's DIB application, and Mr. Schwartz's disability reports establish August 17, 2015 as the proposed disability onset date. *See* R. 64, 218–19, 255–64. Accordingly, I will cite August 17, 2015 as the disability onset date.

[4] The regulations contain a series of "listings" that describe symptomology related to various impairments. *See* 20 C.F.R. Pt. 404, Subpt. P., App. 1. If a claimant's documented symptoms meet or equal one of the impairments, "the claimant is conclusively presumed to be disabled." *Bowen v. Yuckert*, 482 U.S. 137, 141 (1987). If not, the sequential evaluation continues to step four, where the ALJ determines whether the impairments assessed at step two preclude the claimant from performing any relevant work the claimant may have performed in the past. *Id.*

3

2019, Mr. Schwartz could undertake light work as defined by 20 C.F.R. § 404.1567(b), subject to certain limitations.[5] R. 37–39. Beginning on August 21, 2019, the ALJ found Mr. Schwartz was subject to additional limitations on his ability to undertake light work.[6] R. 39–40.

At step four, the ALJ found that Mr. Schwartz was able to perform his past relevant work as a cleaner and panel machine operator prior to August 21, 2019. R. 40. Beginning on August 21, 2019, however, the ALJ found that Mr. Schwartz could not perform his past relevant work. R. 40–41. At step five, the ALJ concluded that no jobs exist in the national economy which Mr. Schwartz could perform as of August 21, 2019 "considering [his] age, education, work experience, and residual functional capacity." R. 41; 20 CFR §§ 404.1560(c), 404.1566. Therefore, the ALJ found that Mr. Schwartz was disabled as of August 21, 2019. R. 42.

## STANDARD OF REVIEW

My review of the ALJ's decision is deferential; I am bound by her findings of fact to the extent those findings are supported by substantial evidence in the record. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000) (citing *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999)); *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401

---

[5] Specifically, the ALJ found that, prior to August 21, 2019, Mr. Schwartz could perform light work "except occasional climbing ramps or stairs, frequently perform all other postural activities, and frequently reach, handle and finger." R. 37.

[6] Specifically, the ALJ found that, as of August 21, 2019, Mr. Schwartz could perform light work "except occasional climbing ramps or stairs, frequently perform all other postural activities, frequently reach, handle and finger, and can tolerate only moderate exposure to extreme heat, cold, dust, odors, wetness, gas, fumes and other pulmonary irritants." R. 39.

(1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence "is more than a mere scintilla but may be less than a preponderance." *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). I may not weigh the evidence or substitute my own conclusions for those of the ALJ. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 506 (3d Cir. 2009) (reviewing court must defer to the ALJ's evaluation of evidence, assessment of the witnesses, and reconciliation of conflicting expert opinions).

The ALJ's legal conclusions and application of legal principles are subject to plenary review. *See Krysztoforski v. Chater*, 55 F.3d 857, 858 (3d Cir. 1995). I must determine whether the ALJ applied the proper legal standards in reaching the decision. *See Coria v. Heckler*, 750 F.2d 245, 247 (3d Cir. 1984). Accordingly, I can overturn an ALJ's decision based on an incorrect application of a legal standard even where I find that the decision is supported by substantial evidence. *Payton v. Barnhart*, 416 F. Supp. 2d 385, 387 (E.D. Pa. 2006) (citing *Friedberg v. Schweiker*, 721 F.2d 445, 447 (3d Cir. 1983)).

An ALJ must provide sufficient detail in her opinion to permit meaningful judicial review. *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 119–20 (3d Cir. 2000). An ALJ must also address all pertinent evidence on the record. *See id.* at 121–22. A reviewing court, by reading the ALJ's opinion as a whole against the record, should be able to understand why the ALJ came to her decision and identify substantial evidence in the record supporting the decision. *See Burnett*, 220 F.3d at 119–20; *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004); *Caruso v. Comm'r of Soc. Sec.*, 99 F. App'x 376, 379–80 (3d Cir. 2004) (examination of the opinion as a whole permitted "the meaningful review required by *Burnett*").

## DISCUSSION

Mr. Schwartz argues that the ALJ's disability onset date determination of August 21, 2019, rather than August 17, 2015, is not supported by substantial evidence on the record as a whole. Doc. No. 12, at 8–9. Mr. Schwartz also alleges that the ALJ failed to consider the Sedentary Medical Vocational Guidelines in determining his RFC. *Id.* at 9–10.

The Commissioner responds that the ALJ's disability onset date determination is supported by substantial evidence and that the ALJ's opinion reflects that she reached her conclusions by considering the totality of the evidence before her. Doc. No. 14, at 3–8. The Commissioner also argues that Mr. Schwartz did not meet his burden of proof in showing that he was limited to sedentary work as of 2015. *Id.* at 8.

After considering the parties' filings and the administrative record, I find that neither the ALJ's disability onset date determination nor her RFC finding are supported by substantial evidence on the record as a whole, nor are they discussed in sufficient detail in the ALJ's opinion, and I will remand the case for further consideration by the Commissioner.

**A. The ALJ's disability onset date determination of August 21, 2019 is not supported by substantial evidence, and the ALJ does not sufficiently discuss her rationale for reaching this determination.**

Mr. Schwartz alleges that the ALJ should have determined his disability onset date to be August 17, 2015. *See* R. 218–19. Instead, the ALJ set August 21, 2019 as the disability onset date. R. 40. The ALJ explained that she selected this date because, by this point, Mr. Schwartz's breathing difficulties had worsened and he had difficulty

6

walking further than one block. *See* R. 39–40.⁷ She imposed pulmonary limitations on his RFC based on this conclusion, which rendered him unable to perform his past relevant work. *See* R. 39–41. I find that the ALJ did not sufficiently explain her rationale for reaching this disability onset date determination, and substantial evidence on the record does not support it.

When finding that a claimant is disabled under the Social Security Act, an ALJ must determine the date of disability onset. Social Security Ruling (SSR) 83-20, Titles II & XVI: Onset of Disability, 1983 WL 31249, at *1 (Jan. 1, 1983). "In disabilities of nontraumatic origin, the determination of onset involves consideration of the applicant's allegations, work history, if any, and the medical and other evidence concerning impairment severity." *Id.* at *2. The primary factor in determining the date of onset is the claimant's medical evidence. *Id.* "[T]he date alleged by the individual should be used if it is consistent with all the evidence available." *Id.* at *3.

I am unable to discern substantial evidence in the record for why the ALJ set August 21, 2019 as Mr. Schwartz's disability onset date. The ALJ cites Mr. Schwartz's 2019 prescription for an inhaler as one of her reasons for selecting this date. *See* R. 39. While Mr. Schwartz indeed testified that he started using an inhaler in 2019 pursuant to a prescription from his primary care doctor, *see* R. 80–84, I cannot find any medical records discussing this prescription, let alone the reason his primary care physician prescribed inhaler use.⁸ Furthermore, Mr. Schwartz merely testified that he began using

---

⁷ In particular, the ALJ wrote, "At this time, the claimant testified that his breathing worsened and he was prescribed an inhaler for shortness of breath, which he used twice a day. He can walk for less than a block, and then he experiences chest pain and shortness of breath." R. 39.

⁸ I raise this issue not to undermine Mr. Schwartz's credibility, but rather to illustrate my difficulty in discerning how the ALJ reached this determination.

7

an inhaler in 2019, not that his breathing issues worsened in 2019. *See* R. 80–84. Use of an inhaler might suggest worsening breathing issues, but it may also suggest that Mr. Schwartz's doctors are prescribing a new course of treatment for a condition that has persisted. As the significance of Mr. Schwartz's testimony about his inhaler use is ambiguous, the ALJ must explain her rationale for finding that Mr. Schwartz's new use of an inhaler in 2019 justified waiting until 2019 to append pulmonary conditions to his residual functional capacity. Otherwise, I am unable to meaningfully review her conclusions.

Additionally, Mr. Schwartz's only medical record dated August 21, 2019 comes from an appointment with his cardiologist, rather than, for example, a visit with his primary care physician or a pulmonologist. *See* R. 529–32. The notes from this appointment do not indicate that he suffered from any new pulmonary issues either, the issue upon which the ALJ's determination rests. *See id.* While notes from Mr. Schwartz's 2019 visits with his cardiologist indicate that he suffered from pulmonary issues, and the ALJ cites these records in determining the disability onset date, *see* R. 39–40, the records do not establish that new pulmonary diagnoses were made around this time. Additionally, while Mr. Schwartz received an elective cardiac catheterization on August 21, 2019, *see* R. 530, I cannot determine how that supports the ALJ's disability onset date determination based on her articulated rationales, s*ee* R. 37–39. This is erroneous.

The ALJ also fails to resolve evidence which contradicts her finding. The medical record indicates that Mr. Schwartz had suffered from chest pain and shortness of breath since at least 2015. *See, e.g.*, R. 327 (As of August 27, 2015, "[patient] was having chest pain with walking and also shortness of breath."), 329 (As of July 30, 2015, "[patient has] had several episodes of Chest Pain and [shortness of breath] with Exertion."). Yet,

8

the ALJ does not resolve why this conflicting evidence does not undermine her disability onset date determination. Most notably, the ALJ never engages with a June 2015 note from Mr. Schwartz's medical provider stating that Mr. Schwartz's ability to work as a machine operator was impacted by heat and dust in the facility. R. 331. This evidence appears to directly conflict with the ALJ's finding that Mr. Schwartz only needed additional limitations on environmental exposure as of August 21, 2019. The ALJ never addresses this evidence. Where there is conflicting evidence, the ALJ must explain her resolution of the conflict so that a judge on appeal can meaningfully review the resolution. *See Plummer*, 186 F.3d at 429.

Since the ALJ neither provides sufficient explanation for reaching her disability onset date determination nor meaningfully engages with contradictory record evidence, I must remand this case for further review.

**B. The ALJ's finding that Mr. Schwartz had the RFC to undertake light work is not supported by substantial evidence, nor is it sufficiently discussed.**

Mr. Schwartz contends that "[t]he ALJ failed to take into consideration the Sedentary Medical Vocational Guidelines" in making her RFC finding. Doc. No. 12, at 9–10. Mr. Schwartz adds that the ALJ's finding that he could undertake light work prior to August 21, 2019 is not supported by the record. *Id*. at 10. The Commissioner responds that Mr. Schwartz failed to meet his burden at step four of proving that he was incapable of performing his past light work and was limited to sedentary work as of July 2015. Doc. No. 14, at 8. Upon further review, I agree with Mr. Schwartz that the ALJ's determination is not supported by substantial evidence on the record. I also find that the ALJ does not sufficiently explain her rationale for reaching her RFC determination. These issues must be resolved on remand.

There are clear distinctions between light and sedentary work under the Social Security regulations, particularly concerning the frequency with which one must stand or walk. "Sedentary" work is defined as that which "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools," as well as a job that, while involving sitting, may require "[occasional] walking and standing [when] carrying out job duties." 20 C.F.R. § 404.1567(a). "Light" work, on the other hand, "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" or "requires a good deal of walking or standing" or "sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

Mr. Schwartz's medical record indicates that he has experienced difficulty walking and standing on account of his pulmonary and cardiac issues since 2015, potentially detracting from the ALJ's finding that he could engage in light work. For example, during an August 27, 2015 visit with his primary care physician, Mr. Schwartz complained of chest pain and shortness of breath while walking. R. 327–28. He made a similar complaint to his cardiologist in November 2015. R. 548. The ALJ indeed summarizes this evidence in her opinion. *See* R. 37–38. Yet, the ALJ never explains why this evidence does not undercut her finding that Mr. Schwartz may perform light work subject to certain limitations, rather than (at most) sedentary work. The ALJ also neglects to cite a note from Mr. Schwartz's cardiologist on January 6, 2015 stating that he suffers shortness of breath when walking. *See* R. 555. This evidence alone may well contradict her RFC finding and certainly may not be left unaddressed. On remand, the ALJ must resolve the apparent conflict between this evidence and her finding that Mr. Schwartz could engage in light work as of August 17, 2015.

The ALJ also writes that Mr. Schwartz's "statements concerning the intensity, persistence and limiting effects of these symptoms are not fully supported prior to August 21, 2019." R. 39. However, she does not sufficiently address how she reached this conclusion. First and foremost, she explains that Mr. Schwartz's treatment was "conservative." R. 39. It may be appropriate for a doctor to form an opinion that one would expect to see a more aggressive treatment history for a medical issue. This opinion would be based upon the doctor's years of medical training and clinical experience, and it would enable her to come to some general rule-of-thumb about the relationship between aggressive treatment history and the severity of the disorder. Such an opinion is often offered by an examining or consulting physician and can form the basis of an ALJ's determination that the level of treatment is not commensurate with the limitations identified by the treating physician. But the ALJ is not free to "go it alone." It is not permissible for an ALJ to arrive at such a conclusion, absent substantial support in the medical evidence in the record before her. Conservative treatment for a particular condition may mean that aggressive treatment does not offer much hope of success, rather than indicate that the condition is mild. Without the benefit of years of training and clinical experience that a physician brings to bear in evaluating whether a course of treatment is "conservative," and the significance of conservative versus aggressive treatment, the conclusion is not supported by substantial evidence.

Additionally, the ALJ notes that Mr. Schwartz has been able to perform some work during his alleged disability period and was capable of performing household tasks and yardwork. R. 39. However, the activities cited by the ALJ appear to be the type of "sporadic and transitory activities" that cannot be the basis of rejecting a disability claim supported by competent medical evidence. *See Fargnoli v. Massanari*, 247 F.3d 34, 40–

11

41 n.5 (3d Cir. 2001) (finding that a claimant's trip to Europe is a sporadic and transitory activity which cannot be the basis for finding a claimant capable of engaging in a light exertional job). "Disability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity." *Smith v. Califano*, 637 F.2d 968, 971 (3d Cir. 1981) (going shopping for necessities, and hunting on two occasions, was not substantial evidence negating disability). Relatedly, the ALJ does not address whether the type of work Mr. Schwartz performed prior to 2019 is commensurate with light or sedentary work. Perhaps Mr. Schwartz was fit to engage in sedentary work during this time, but not light work. The ALJ may not leave such material evidentiary issues unresolved in reaching her RFC determination.

I do not weigh the evidence or make a judgment that the ALJ's conclusions could not be supported by the record here. However, without any meaningful discussion of the evidence that contradicts the ALJ's conclusions, I cannot perform the review function the statute and case law require. This is error, and a remand is necessary.

## CONCLUSION

For the reasons explained, Mr. Schwartz's request for review is granted, the final decision of the Commissioner is reversed, and this matter is remanded to the Commissioner for further proceedings.

BY THE COURT:

*s/ Richard A. Lloret*
**RICHARD A. LLORET**
**U.S. Magistrate Judge**